WILLIAM J. O'NEILL, JR., IRREVOCABLE TRUST,
SHELDON M. SAGER, CO-TRUSTEE,
PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE,
RESPONDENT

Docket No. 8444-91.        Filed March 2, 1992.

*Sheldon M. Sager* and *John S. Seich,* for petitioner.
*Katherine Lee Wambsgans,* for respondent.

OPINION

NIMS, *Chief Judge:* This case was assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

GUSSIS, *Special Trial Judge:* Respondent determined a deficiency in petitioner's Federal income tax for 1987 in the amount of $3,534. The issue before the Court is whether investment advice fees paid by a trust are fully deductible from the trust's gross income under section 67(e) or whether they are deductible under section 67(a) only to the extent they exceed 2 percent of the trust's adjusted gross income. This case was submitted fully stipulated.

Petitioner is a trust which existed under the laws of Ohio at the time the petition herein was filed.

The William J. O'Neill, Jr., Trust (petitioner), was formed in 1965. In 1979, a former cotrustee of petitioner and Allen & Leavy Investment Management, Inc. (Allen & Leavy), executed an "Investment Advisory Agreement". At some point between 1975 and 1991 Allen & Leavy merged with Wall, Patterson, McGrew & Hamilton. The resulting investment counseling firm became Wall, Patterson, Hamilton & Allen (Wall, Patterson). The new firm continued to advise the trustees. During the year at issue none of the cotrustees had expert knowledge in the investment of large sums of money. In addition, none of the past or present cotrustees was willing to serve as cotrustees unless an investment adviser were hired to manage and invest petitioner's assets.

In 1987, the custodian of petitioner's assets, valued in excess of $4,500,000, was the Trust & Investment Management Services division of AmeriTrust Co. The rounded aggregate of

fees for investment services paid to Wall, Patterson in 1987 by the custodian on behalf of the trust was $15,374. The trust deducted in full the $15,374 on its Form 1041, U.S. Fiduciary Income Tax Return, for 1987. Respondent determined that the investment counseling fees were subject to the percentage limitation under section 67(a).

Section 67(a) provides that, in the case of an individual, certain miscellaneous itemized deductions are allowed only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income. Section 67(e) provides, in part, that the adjusted gross income of an estate or trust shall be computed in the same manner as that of an individual, "except that the deductions for costs which are paid or incurred in connection with the administration of the estate or trust and which would not have been incurred if the property were not held in such trust or estate * * * shall be treated as allowable in arriving at adjusted gross income." In the instant case, petitioner asserts that investment advice fees are costs incurred in connection with a trust which would not have been incurred if property were not held in trust and therefore such fees are deductible from the trust's gross income in arriving at adjusted gross income. Conversely, respondent argues that investment advice fees are not costs incurred in connection with a trust because of the existence of the trust, and therefore the fees are deductible only to the extent they exceed 2 percent of the trust's adjusted gross income.

Deductions are to be narrowly construed, and petitioner bears the burden of proving that the claimed deduction falls within the ambit of the cited statutory provision. *Deputy v. du Pont,* 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering,* 292 U.S. 435, 440 (1934).

Petitioner's primary argument is premised upon its interpretation of section 2109 of the Ohio Revised Code which pertains to fiduciaries. Petitioner argues that since there are no Treasury regulations and little legislative history pertaining to section 67(e), we should look to the laws of Ohio to determine what costs are ordinarily and necessarily incurred in connection with the administration of a trust and thus fully deductible from gross income.

The Ohio statutes require trustees to invest trust assets and prescribe the type and quality of investments which a trustee

may make. Ohio Rev. Code Ann. secs. 2109.37, 2109.371, 2109.372, and 2109.42 (Anderson 1990). Ohio law holds fiduciaries such as trustees to the prudent person standard of care. Under this standard a trustee's investment decisions are evaluated in light of all the surrounding circumstances to determine whether the trustee acted honestly, in good faith, and with the degree of care and prudence which an ordinary person would exercise in the transaction of his or her own affairs. See *Morris v. Mull,* 144 N.E. 436 (Ohio 1924).

Given that the Ohio statutes require trustees to invest trust assets and that trustees are held to the prudent person standard, petitioner argues that trustees of an Ohio trust must seek investment advice if they are to fulfill their fiduciary obligations to the extent required by law. Therefore, petitioner concludes, investment advice fees are costs incurred in connection with the administration of a trust which the trust would not incur if property were not held in such trust, and consequently the fees are deductible from the trust's gross income under section 67(e). Petitioner's argument is not persuasive.

Section 67(e) specifically states that estates and trusts shall compute their adjusted gross income in the same manner as that of an individual except for costs paid or incurred in connection with the administration of an estate or trust which would not have been incurred if the property were not held in such trust or estate. We believe that the thrust of the language of section 67(e) is that only those costs which are *unique* to the administration of an estate or trust are to be deducted from gross income without being subject to the 2-percent floor on itemized deductions set forth at section 67(a). Examples of items unique to the administration of a trust or estate would be the fees paid to a trustee and trust accounting fees mandated by law or the trust agreement. Individual investors routinely incur costs for investment advice as an integral part of their investment activities. Consequently, it cannot be argued that such costs are somehow unique to the administration of an estate or trust simply because a fiduciary might feel compelled to incur such expenses in order to meet the prudent person standards imposed by State law.

Petitioner's argument that the investment advice costs were incurred because they were in effect required under State law is not supported by the record. There is nothing in the record

to establish that under Ohio law a trustee must incur investment advice fees in order to avoid a breach of fiduciary duty. In fact, the Ohio statutes provide a fiduciary with a detailed list of preapproved investments which would obviate the need to incur investment advice fees. See Ohio Rev. Code Ann. sec. 2109.37 (Anderson 1990). The fact that petitioner's past or present cotrustees were unwilling to serve unless an investment counselor was retained is not determinative. The applicability of section 67(e) cannot turn upon the subjective considerations of a fiduciary.

Petitioner also contends that the investment counsel payments made to Wall, Patterson directly from the trust should be given the same tax treatment as if they were made directly by the trustees. No trustee fees were paid to the cotrustees in the period here involved. However, petitioner argues that if the trust did in fact pay trustee fees to the cotrustees, who would then pay the investment counsel fees out of their trustee fees, the trust would be entitled to a full deduction of the amounts paid as trustee fees and the payment of investment counsel fees by the cotrustees would also be fully deductible by them.

Even if we should assume that petitioner's analysis of the tax consequences of this alternative method is wholly correct, the argument is nonetheless without merit. We must consider the tax consequences of the events as they actually transpired. The fact that some other method of meeting the trust objectives might conceivably have a different tax result is not a relevant consideration here.

We conclude, on this record, that the investment advice fees incurred by the trust are not costs incurred in connection with the administration of an estate or trust that would not have been incurred if the property were not held in such estate or trust. We hold, therefore, that the investment advice fees here at issue are subject to the limitations imposed by section 67(a) and are deductible only to the extent that they exceed 2 percent of petitioner's adjusted gross income.

*Decision will be entered for respondent.*