William J. O'NEILL, Jr. Irrevocable Trust, Sheldon M. Sager, Co–Trustee, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 92–1564.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 26, 1993.

Decided June 2, 1993.

Sheldon M. Sager (argued and briefed), Jeffrey A. Huth, John S. Seich (briefed), McCarthy, Lebit, Crystal & Haiman, Cleveland, OH, for William J. O'Neill, Jr.

Jeffrey A. Huth, John S. Seich, McCarthy, Lebit, Crystal & Haiman, Cleveland, OH, for Sheldon M. Sager.

Gary R. Allen, Acting Chief (briefed), Gilbert S. Rothenberg, Teresa McLaughlin (argued), Sara K. Knutson, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for C.I.R.

Erwin N. Griswold, Timothy B. Dyk (argued), Candace A. Ridgway, Jones, Day, Reavis & Pogue, Washington, DC, for amicus curiae Family Trust Association.

Before: BOGGS and SILER, Circuit Judges; and JOINER, Senior District Judge.[*]

SILER, Circuit Judge.

Petitioners, the William J. O'Neill, Jr. Irrevocable Trust ("Trust") and Sheldon M. Sager, Co–Trustee, appeal the Tax Court's decision finding a deficiency in the O'Neill Trust's income tax for the 1987 taxable year. The Internal Revenue Service ("IRS") issued a Notice of Deficiency for $3,534.00 in tax owed by the Trust. Upon the filing of a petition for redetermination, the Tax Court held that the investment advisory fees paid by the Trust were expenses deductible from adjusted gross income under Internal Revenue Code ("IRC") § 67(a) only to the extent that they exceeded two percent of the Trust's adjusted gross income. For the following reasons, we REVERSE the Tax Court's ruling.

## I.

Section 67(a) of the IRC provides:

In the case of an individual, the miscellaneous itemized deductions for any taxable year shall be allowed only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income.

26 U.S.C. § 67(a). As taxable income of a trust is computed in the same manner, certain expenditures would qualify as deductions subject to the two percent floor. *Id.* However, section 67(e) of the IRC provides:

the adjusted gross income of an estate or trust shall be computed in the same manner as in the case of an individual, except

that the deductions for costs which are paid or incurred in connection with the administration of the estate or trust and would not have been incurred if the property were not held in such trust or estate shall be treated as allowable in arriving at adjusted gross income.

26 U.S.C. § 67(e). Thus, certain expenditures *unique* to trust administration are excepted from the two percent floor.

## II.

The Trust was created in 1965 for the benefit of the settlor's family. In 1987, the Trust corpus exceeded $4.5 million. The co-trustees, Sheldon M. Sager, Kathleen France, and Timothy O'Neill, had no expert knowledge in the investment of large sums of money. In fact, none of the individuals would agree to serve as a co-trustee until an investment advisor was hired to manage and invest the Trust's assets. From 1979 to 1991, the co-trustees received investment advice from Allen & Leavy Investment Management, Inc. and its successor firm, Wall, Patterson, Hamilton & Allen ("WPHA"). On its Form 1041 Income Tax Return, the custodian of the Trust deducted in full the $15,374.00 in fees paid to WPHA for their investment management services during 1987. The Trustees did not deduct from the income for any year fees paid to themselves as fiduciaries. Although they apparently have declined fiduciary fees each year, they could have accepted them and the trust could have deducted those costs under § 67(e), as stated in the Tax Court opinion and conceded by the Commissioner in his brief.

On audit, the Commissioner determined that the investment counseling fees constituted a "miscellaneous itemized deduction" under IRC § 67(a) and allowed the deduction only to the extent that the amount of the fees exceeded two percent of the Trust's adjusted gross income. Consequently, the Trust's taxable income was increased by $9,180.00.

In the petition for redetermination, petitioners contended that the investment advisory fees were "costs which are paid or in-

[*] The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

curred in connection with the administration of the ... trust and which would not have been incurred if the property were not held in such trust" within the meaning of IRC § 67(e)(1). Accordingly, petitioner claimed the fees were excepted from the two percent floor as the co-trustees were required to seek investment advice in order to fulfill their fiduciary obligations.

The Tax Court found that investment advisory fees were not described in § 67(e)(1), stating that "the thrust of the language of section 67(e) is that only those costs which are *unique* to the administration of an estate or trust are to be deducted from gross income without being subject to the 2–percent floor on itemized deductions set forth at section 67(a)." The Tax Court noted that the Ohio statutes "provid[ed] a fiduciary with a detailed list of preapproved investment which would obviate the need to incur investment advice fees."

### III.

■ Tax Court decisions are reviewed "in the same manner and to the same extent as decisions of the District Courts in Civil Actions tried without a jury." IRC § 7482. Thus, the Tax Court's application of IRC § 67(e) to the facts in this action is subject to *de novo* review. *Walter v. CIR*, 753 F.2d 35 (6th Cir.1985).

### IV.

■ Section 67(e) of the IRC provides exceptions for determining the adjusted gross income of an estate or trust such that those expenses which "would not have been incurred if the property were not held in such trust" are exempt from the § 67(a) two percent floor. IRC § 67(e). Expenses such as trustee fees, costs of construction proceedings and judicial accountings are examples of expenses peculiar to a trust and, therefore, are subject to the § 67(e) exception. Similarly, the investment advisor fees paid by the Trust were costs incurred because the property was held in trust, thereby making them eligible for the § 67(e) exception and not subject to the base of two percent of adjusted gross income.

A trustee is charged with the responsibility to invest and manage trust assets as a "prudent investor" would manage his own assets. *See* III *Scott on Trusts,* § 227 (4th Ed.1988) (trustee must "exercise the care and skill and caution that a prudent person would exercise under the circumstances"). The Ohio statutes provide a "detailed list of pre-approved investments," that a trustee may pursue on behalf of the trust. *See* Ohio Rev.Code Ann. §§ 2109.37, 2109.371 & 2109.372. However, the mere selection of an approved investment does not automatically meet the prudent investor standard. The trustee is not limited to this list of investment options and has some duty to diversify the investment of trust assets so as to "distribute the risk of loss within the trust." *Stevens v. National City Bank,* 45 Ohio St.3d 276, 544 N.E.2d 612, 617–18 (1989). Where a trustee lacks experience in investment matters, professional assistance may be warranted. The trustees here lacked experience in investing and managing large sums of money and, therefore, sought the assistance of an investment advisor. Without WPHA's management, the co-trustees would have put at risk the assets of the Trust. Thus, the investment advisory fees were necessary to the continued growth of the Trust and were caused by the fiduciary duties of the co-trustees.

The Tax Court reasoned that "[i]ndividual investors routinely incur costs for investment advice as an integral part of their investment activities." Nevertheless, they are not *required* to consult advisors and suffer no penalties or potential liability if they act negligently for themselves. Therefore, fiduciaries uniquely occupy a position of trust for others and have an obligation to the beneficiaries to exercise proper skill and care with the assets of the trust.

### V.

As the expenses for the investment management advice would not have been incurred if the property had not been held in trust, then these expenses meet the statutory requirement and are deductible in full from the Trust's adjusted gross income. Accordingly, we REVERSE the decision of the Tax

Court and direct that judgment be entered on behalf of the Trust and its fiduciaries.