T.C. Memo. 1998-411


UNITED STATES TAX COURT


SUSAN L. BAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16877-96.                    Filed November 16, 1998.


<u>Garry M. Cox</u>, for petitioner.

<u>Lisa K. Hartnett</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years 1993 and 1994. Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's 1993 and 1994 Federal income taxes in the amounts of $3,370 and $1,196, respectively. The issue for decision is whether certain miscellaneous itemized deductions attributable to a grantor trust are subject to section 67(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner filed timely 1993 and 1994 Federal income tax returns. She resided in Omaha, Nebraska, at the time the petition was filed.

Petitioner is a grantor and beneficiary of the Jay Newlin Trust (the trust). The trust was created on December 11, 1976, in order to preserve financial security for the grantors, more efficiently manage their investments, and gain financial advantages for the beneficiaries. Although certain restrictions apply to distributions of corpus, for Federal income tax purposes, the trust is what is commonly referred to as a grantor trust. See generally sections 671 through 679.

During the years at issue, the trust corpus was valued at approximately $200 million, of which petitioner's interest was approximately 2.9 percent. The trust was administered by three trustees, none of whom had any expertise in the management of a large investment portfolio. In order to assist them in making financial and other investment decisions, the trustees retained

investment management companies, accountants, and attorneys.  The
trust paid or incurred the expenses related to such services.
Petitioner's proportionate shares of these expenses amounted to
$19,274 for 1993 and $28,984 for 1994.

In computing her taxable income for each year in issue,
petitioner elected to itemize her deductions.  On Schedules A
included with her 1993 and 1994 Federal income tax returns,
petitioner claimed her proportionate shares of the trust expenses
as "Other Miscellaneous Deductions" as detailed below:

|  | 1993 | 1994 |
|---|---|---|
| Misc. expenses | $19 | $9 |
| Rent expense | 106 | 374 |
| Investment fees | 10,335 | 15,323 |
| Travel expense | 36 | 1,066 |
| Investment custodial fees | 2,683 | 3,494 |
| Professional fees | 6,080 | 1,701 |
| Telephone expense | --- | 64 |
| Atty. and acct. fees | --- | 6,836 |
| Other depreciation | 15 | 117 |
| Total | 19,274 | 28,984 |

In the notice of deficiency, respondent reduced the totals
of the above deductions by 2 percent of petitioner's adjusted
gross income for the appropriate year, made other computational
adjustments, and determined the deficiencies here in dispute
accordingly.

OPINION

The dispute between the parties centers around the application of section 67.  In support of the adjustments reducing the amounts of the deductions attributable to the trust, respondent relies upon section 67(a), which states:

SEC. 67(a).  General Rule.--

    In the case of an individual, the miscellaneous itemized deductions for any taxable year shall be allowed only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income.

Petitioner argues that section 67(e) controls, which states, in relevant part:

SEC. 67(e).  Determination of Adjusted Gross Income in Case of Estates and Trusts.--

    For purposes of * * * [section 67] the adjusted gross income of an estate or trust shall be computed in the same manner as in the case of an individual, except that

    (1) the deductions for costs which are paid or incurred in connection with the administration of the estate or trust and which would not have been incurred if the property were not held in such trust or estate, and

    (2) * * *

shall be treated as allowable in arriving at adjusted gross income.  * * *

According to petitioner, the expenses that gave rise to the deductions attributable to the trust were paid or incurred in connection with the administration of the trust.  Relying upon

O'Neill v. Commissioner, 994 F.2d 302 (6th Cir. 1993), revg. 98 T.C. 227 (1992), and pointing out the fiduciary obligations imposed upon the trustees, petitioner contends that the expenses would not have been incurred if the property were not held by the trust.  Under petitioner's theory of the case, because pursuant to section 67(e) the expenses are taken into account in computing adjusted gross income, the provisions of section 67(a) are not applicable.

We turn our attention first to the status of the trust for Federal income tax purposes.  In petitioner's brief, as a general criticism of respondent's position, and with reference to the trust restrictions on the distribution of corpus, petitioner states:  "[respondent] fails to note that in the instant case although the form of * * * [the trust] is that of a grantor's trust, in substance it is similar to an irrevocable trust or mutual fund."  According to petitioner, we should consider the trust as other than a grantor trust.  Petitioner's reliance upon section 67(e) and O'Neill v. Commissioner, supra, is consistent with treating the trust as other than a grantor trust.  However, such treatment is inconsistent with the stipulation of facts, in which petitioner agreed not only that the trust "is a grantor trust", but further, in apparent reliance upon section 671, that "each item of income and expense [of the trust] is reported individually by the grantor".  Considering the trust as other

than a grantor trust is also inconsistent with the manner in which petitioner reported the items of income and deductions attributable to the trust on her 1993 and 1994 Federal income tax returns.  Furthermore, the restrictions on the distribution of trust corpus, do not, as petitioner suggests, remove the trust from the provisions of section 671.  See sec. 677.  The trust is a grantor trust, and the positions of the parties will be considered accordingly.

Contrary to petitioner's argument, section 67(e) does not and cannot apply to grantor trusts.[1]  Because the items of income and deductions are passed through to the grantor, the adjusted gross income of a grantor trust, in effect, is not a viable notion either conceptually under the relevant statutory scheme, or for reporting purposes.  Pursuant to section 671, petitioner, as a grantor of the trust, is required to include in the computation of her taxable income, the items of income, deductions and credits of the trust that are attributable to her proportionate share of the trust.  See sec. 1.671-4, Income Tax Regs.  This, in fact, is what she did on her 1993 and 1994 Federal income tax returns.  These items are treated as though received or paid by her, instead of by the trust.  Sec. 1.671-

---

[1]Consequently, we need not address the controversy between the parties regarding whether the type of expenses here in question would not have been incurred but for the fact that the property was held in trust.  See O'Neill v. Commissioner, 994 F.2d 302 (6th Cir. 1993), revg. 98 T.C. 227 (1992).

2(c), Income Tax Regs. Because the deductions here under consideration constitute "Miscellaneous Itemized Deductions" within the meaning of section 67(b), the provisions of section 67(a) are applicable.

The applicability of section 67(a) is further supported by section 67(c), which prohibits the indirect deduction through a pass-through entity of amounts which would not be allowable as a deduction if paid or incurred directly by an individual. The trust is a "pass-through entity". See sec. 1.67-2T(g)(1)(i), Temporary Income Tax Regs., 53 Fed. Reg. 9878 (Mar. 28, 1988). As stated in sec. 1.67-2T(b)(1), Temporary Income Tax Regs., 53 Fed. Reg. 9877 (Mar. 28, 1988), "the [sec. 67(a)] limitation applies to the grantor * * * of a grantor trust with respect to items that are paid or incurred by a grantor trust and are treated as miscellaneous itemized deductions of the grantor". If the expenses were directly paid or incurred by petitioner, the amounts of the deductions would have to be reduced in accordance with section 67(a). Petitioner cannot deduct a greater amount merely because the deductions were passed through to her from the trust.

Accordingly, we hold that section 67(a) is applicable to the deductions attributable to the trust, and respondent's adjustments in this regard are sustained.

In order to reflect the foregoing,

<u>Decision will be entered for respondent</u>.