**MELLON BANK, N.A.,** Trustee 360874 Constance B. Mellon 1961 Trust, Tax Year 1989, Mellon Bank, N.A., Trustee 360874 Constance B. Mellon 1961 Trust, Tax Year 1990, Real Estate Trust, Mellon Bank, N.A., Trustee 361330 Constance B. Mellon 1961 Trust for Children, Tax Year 1990, Mellon Bank, N.A., Trustee 361331 Seward Prosser Mellon 1961 Trust for Children, Mellon Bank, N.A., Trustee 360875 Seward Prosser Mellon 1961 Trust, Mellon Bank, N.A., Trustee 360872 Richard P. Mellon 1961 Trust, Mellon Bank, N.A., Trustee 361328

Richard P. Mellon 1961 Trust for Children, Mellon Bank, N.A., Trustee 360873 Cassandra M. Milbury 1961 Trust, Mellon Bank, N.A., Trustee 361329 Cassandra M. Milbury 1961 Trust for Children, Mellon Bank, N.A., Trustee 360138 Constance B. Mellon 1941 Trust, Mellon Bank, N.A., Trustee 361448 Constance B. Mellon 1965 Trust, Mellon Bank, N.A., Trustee 361330 C.B.M.1961 Trust for Children, Mellon Bank, N.A., Trustee 360158 Seward Prosser Mellon 1942 Trust, Mellon Bank, N.A., Trustee 360118 Richard P. Mellon 1940 Trust, and Mellon Bank, N.A., Trustee 360874 Constance B. Mellon 1961 Trust, Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee.

No. 01–5015.

United States Court of Appeals, Federal Circuit.

Sept. 7, 2001.

Joseph W. Klein, Reed Smith LLP, of Pittsburgh, PA, argued for plaintiffs-appellants. With him on the brief, were Mark Bookman, Carolyn D. Duronio, and Leo N. Hitt.

Gilbert S. Rothenberg, Attorney, Tax Division, Appellate Section, Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief, was Anthony T. Sheehan, Attorney. Of counsel was Steven W. Parks, Attorney.

Mark R. Baran, American Bankers Association, of Washington, DC, for amicus curiae American Bankers Association.

Before MAYER, Chief Judge, LOURIE and RADER, Circuit Judges.

MAYER, Chief Judge.

Mellon Bank, N.A. and Real Estate Trust (collectively, "Mellon Bank") appeal the September 18, 2000, judgment of the Court of Federal Claims granting summary judgment to the United States. *Mellon Bank, N.A. v. United States*, No. 97–CV–151 * (September 18, 2000) ("*Mellon II*"). Because the Court of Federal Claims properly construed I.R.C. § 67(e)(1), we affirm.

### Background

Mellon Bank seeks a consolidated tax refund of income taxes paid in years 1989 through 1992 by thirteen irrevocable trusts created for the benefit of members of the Richard K. Mellon family. Mellon Bank sought reimbursement for expenditures paid by the trustees for the outside services they employed for the administration and management of the trusts. The services included investment strategy advice, accounting, tax preparation, and financial management.

I.R.C. § 67(a) allows individuals to deduct "miscellaneous itemized deductions" only to the extent that the aggregate of the deductions exceeds two percent of the taxpayer's adjusted gross income. This is referred to as the "two percent

---

* This appeal involves Court of Federal Claims docket numbers: 97–CV–151, 97–CV–152, 97–CV–153, 97–CV–154 & 97–CV–771, 97–CV–155, 97–CV–253 & 97–CV–776, 97–CV– 482, 97–CV–556, 97–CV–557, 97–CV–773, 97–CV–558, 97–CV–772, 97–CV–774, 97–CV–775, 97–CV–777, 97–CV–778, 97–CV–779, 97–CV–780.

floor." Section 67(e) requires the adjusted gross income for a trust to be computed in the same manner as in the case of an individual. Therefore, the two percent floor rule generally applies to deductions for trust income. However, section 67(e)(1) allows deductions below the two percent floor if the claimed expenditures are "paid or incurred in connection with the administration of the estate or trust and ... would not have been incurred if the property were not held in such trust or estate."

In October of 1990, Mellon Bank filed a Form 1041 Fiduciary Income Tax Return (Form 1041) for tax year 1989. Form 1041 provides for the deduction of "Fiduciary fees"; "Other deductions NOT subject to the 2% floor"; and "Allowable miscellaneous itemized deductions subject to the 2% floor." Mellon Bank claimed a deduction for income distribution and administrative costs that would not have been incurred had the property not been held in a trust. Relying on the then recent *O'Neill v. Commissioner*, 994 F.2d 302 (6th Cir.1993), in October 1993, Mellon Bank filed an amended Form 1041, seeking a refund. The Internal Revenue Service (IRS) denied the refund claim, and the bank filed suit in the Court of Federal Claims. The parties cross-moved for summary judgment.

On July 17, 2000, the Court of Federal Claims denied both motions for summary judgment. *Mellon Bank, N.A. v. United States*, 47 Fed. Cl. 186 (2000) ("*Mellon I*"). The court denied Mellon Bank's motion because it rejected its interpretation of section 67(e)(1). *Id.* at 196. The court denied the government's motion because there were material issues of fact as to whether the additional expenditures deducted by the bank on the October 1993 Form 1041 would not have been incurred if the property were not held in a trust. *Id.* On September 14, 2000, the parties filed a stipulation eliminating any subsequent fact finding. The stipulation reads, in relevant part, as follows:

1. In the taxable years 1989 through 1992, inclusive, some or all of the Plaintiff Trusts incurred costs for the services of Richard K. Mellon and Sons and of certain investment specialists.... These stipulations will refer to all of these costs as "the costs at issue."

2. It is the position of the Plaintiff Trusts that the construction of I.R.C. § 67(e), set forth in the July 17, 2000 opinion of the Court of Federal Claims, is erroneous. To isolate and preserve the issue of the proper construction of § 67(e) for appeal, the Plaintiff Trusts stipulate that they will not present evidence before the trial or appellate court in this proceeding as to whether any of the costs at issue "would not have been incurred if the property were not held in such trust or estate," as the Court of Federal Claims has construed that statutory phrase in its Opinion of July 17, 2000.

Accordingly, the trial court entered judgment on the merits in favor of the United States. Mellon Bank appeals the court's construction of the statute.

## Discussion

We have jurisdiction to hear this appeal from a final judgment of the Court of Federal Claims under 28 U.S.C. § 1295(a)(3). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cenex, Inc. v. United States*, 156 F.3d 1377, 1378 (Fed.Cir.1998) (quoting *Barseback Kraft AB v. United States*, 121 F.3d 1475, 1479 (Fed.Cir.1997)). Accordingly, our review is *de novo*. *Gump v. United States*, 86 F.3d 1126, 1127 (Fed.Cir. 1996).

The question is whether the Court of Federal Claims in *Mellon I* properly interpreted the second requirement of I.R.C. § 67(e)(1) to mean that a trustee's costs are subject to the two percent floor established by I.R.C. § 67(a) unless the costs occur only in the context of trust administration and are not routinely incurred by individual investors. Section 67 provides:

> (a) General rule.—In the case of an individual, the miscellaneous itemized deductions for any taxable year shall be allowed only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income.

> \* \* \*

> (e) Determination of adjusted gross income in case of estates and trusts.—For purposes of this section, the adjusted gross income of an estate or trust shall be computed in the same manner as in the case of an individual, except that—

> > (1) the deductions for costs which are paid or incurred in connection with the administration of the estate or trust and which would not have been incurred if the property were not held in such trust or estate, and

> > \* \* \*

> shall be treated as allowable in arriving at adjusted gross income.

It is undisputed that trustee fees are fully deductible. Mellon maintains that trustee fees are merely a label for fiduciary services performed by the trustee. It thus argues that there are really no unique "trustee" services—all are requirements of state fiduciary law. Services delegated by the trustee remain subject to fiduciary standards and are fiduciary services under governing law. Therefore, payments for outside fiduciary services are in fact, trustee fees, and should be fully deductible under section 67(e)(1).

Mellon relies on the Sixth Circuit's ruling in *O'Neill* for the proposition that the taxpayer may satisfy section 67(e)(1) by proving that the expenses incurred were necessary to fulfill his fiduciary obligations under state law. *O'Neill* determined that the trustees lacked the knowledge and experience to manage a $4.5 million trust and hired outside investors. 994 F.2d at 303. The trustees deducted these management fees under section 67(e). *Id.* The Tax Court denied the deduction, reasoning that such fees were not "*unique* to the administration" of a trust and "[i]ndividual investors routinely incur costs for investment advice as an integral part of their investment activities." *O'Neill v. Comm'r*, 98 T.C. 227, 230, 1992 WL 37354 (1992). However, the Sixth Circuit reversed, finding that individual investors are "not *required* to consult advisors and suffer no penalties or potential liability if they act negligently for themselves." 994 F.2d at 304. The court concluded that "fiduciaries uniquely occupy a position of trust for others and have an obligation to the beneficiaries to exercise proper skill and care with the assets of the trust." *Id.* Therefore, the fees were eligible for the section 67(e) exception and not subject to the two percent floor requirement of section 67(a). *Id.*

We agree with the Sixth Circuit's conclusion that different legal obligations apply to assets held in a trust. The prudence standard for trustee investing traces back to *Harvard College v. Amory*, 26 Mass. 446 (Mass.1830). The Massachusetts Supreme Judicial Court stated that trustees should "observe how men of prudence, discretion and intelligence manage their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds." *Id.* at *11. The Uniform Prudent Investor Act incorporated much of this language, and has been subsequently adopted by thirty-six states.

For example, the Pennsylvania Prudent Investor Act recognizes that trustees are generally subject to a prudent person standard, and are charged to manage trusts with diligence and care. 20 Pa. Cons.Stat. § 7302 (2001) ("Any investment shall be an authorized investment if purchased or retained in the exercise of that degree of judgment and care, under the circumstances then prevailing, which men of prudence, discretion and intelligence exercise in the management of their own affairs.").

In construing the federal income tax code, however, we are not bound by the fiduciary standards established by state law, and must instead defer to Congress and the plain meaning of the statute. *Comm'r v. Nat'l Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 148–49, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974). "The propriety of a deduction does not turn upon general equitable considerations, such as a demonstration of effective economic and practical equivalence. Rather, it depends on legislative grace; and only as there is clear provision therefor [sic] can any particular deduction be allowed." *Id.* (citations omitted).

"We start, as always, with the language of the statute." *Williams v. Taylor*, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). We must determine

> "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent. The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."

*Robinson v. Shell Oil Co.*, 519 U.S. 337, 340–41, 117 S.Ct. 843, 136 L.Ed.2d 808

(1997) (internal citations omitted). Words such as "legal obligations," "trustee fees," and "fiduciary responsibility" are not found within section 67(e)(1). Instead, section 67(e)(1) unambiguously establishes two requirements for expenditures to qualify for exclusion from the two percent floor.

First, fees are fully deductible if they are "costs which are paid or incurred in connection with the administration of the estate or trust." This prerequisite defines the relationship between the costs and the administration of the trust. All expenses resulting from the fiduciary obligations of the trustee satisfy the first prerequisite. Mellon Bank's proposed construction of the statute would end here. Mellon Bank argues that trustees are fulfilling their fiduciary duty when they, acting in good faith, incur expenses in connection with the administration of a trust. Therefore, as Mellon asserts, all expenses incurred by a trustee in connection with the administration of a trust would be fully deductible. This argument eliminates the second requirement of section 67(e)(1), which is directed to the question whether an expense would not have been incurred if there had been no trust.

Our interpretation, however, must give full effect to the entire statute, not merely the first clause. *Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) ("[W]e are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." (citing *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 837, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988))). The second clause of section 67(e)(1) serves as a filter, allowing a full deduction only if such fees are costs that "would not have been incurred if the property were not held in such trust or estate." The require-

ment focuses not on the relationship between the trust and costs, but the type of costs, and whether those costs would have been incurred even if the assets were not held in a trust. Therefore, the second requirement treats as fully deductible only those trust-related administrative expenses that are unique to the administration of a trust and not customarily incurred outside of trusts.

Investment advice and management fees are commonly incurred outside of trusts. An individual taxpayer, not bound by a fiduciary duty, is likely to incur these expenses when managing a large sum of money. Therefore, these costs are *not* exempt under section 67(e)(1) and are required to meet the two percent floor of section 67(a).

Mellon Bank argues that only its interpretation of section 67(e) is consistent with the legislative history. We disagree. Congress sought to increase fairness, economic efficiency, and simplification of the tax system with the passage of the Tax Reform Act of 1986. S.Rep. No. 99–313, at 3 (1986), *reprinted in* 1986–3 C.B. 3 (Senate Report). It expressed a concern that "under present law, some taxpayers can exclude or deduct from income certain items that differ little from items that are treated as taxable compensation or nondeductible expenditures for other taxpayers." H.R.Rep. No. 99–426, at 57 (1986), *reprinted in* 1986–3 C.B. 57 (House Report). Congress further stated that "[f]airness requires that these items be treated similarly," *id.*, and again stressed the importance of a fair tax system. It warned that over-simplification of the system could supersede the goal of fairness. "Some taxpayers who attempt to use various preferences to reduce their tax liability significantly may find that the bill does not simplify the tax filing process for them as much as for other individuals. In part, the complexity of the tax system for these individuals is needed to measure accurately their income and to ensure that these individuals pay a rate of tax appropriate for their income." Senate Report at 4. Finally, Congress sought to eliminate or reduce the tax benefit of placing assets in a trust. *Id.* at 78. ("[T]he tax benefits which result from the ability to split income between a trust or estate and its beneficiaries should be eliminated or significantly reduced.").

■ This result was achieved not through a significant change in the taxation of trusts, but through the application of the two percent floor rule to deductions from trust income. Under Mellon's construction, the second prerequisite of section 67(e)(1) would be rendered superfluous because any costs associated with a trust will always be deductible. This is contrary to the legislative intent to equate the taxation of trusts with the taxation of individuals, limit the ability of sophisticated taxpayers to use trusts or other complex arrangements to lower their tax burden compared to similarly situated individuals, and to minimize the impact of the tax code on economic decision making. "Only very clear evidence of contrary legislative intent can displace the plain meaning of a statute." *Thompson/Center Arms Co. v. United States,* 924 F.2d 1041, 1044–45 (Fed.Cir.1991) (citing *Aaron v. SEC,* 446 U.S. 680, 700, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980) ("In the absence of a conflict between reasonably plain meaning and legislative history, the words of the statute must prevail.")). Mellon's attempts to bolster its interpretation of the statute through legislative history are unpersuasive.

The Supreme Court has "observed repeatedly that, while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice,

whether contemplated or not, . . . and may not enjoy the benefit of some other route he might have chosen to follow but did not." *Nat'l Alfalfa Dehydrating & Milling Co.*, 417 U.S. at 148, 94 S.Ct. 2129; *see also Rite Aid Corp. v. United States*, 255 F.3d 1357, 1360 (Fed.Cir.2001) ("A taxpayer is free to organize his affairs as he chooses, but once organized, he must accept the tax consequences of his choice."). Mellon Bank chose to hire outside consultants to satisfy their fiduciary duty as trustees. The plain meaning of I.R.C. § 67(e)(1) prevents the deduction of fees thus incurred unless they satisfy the general requirement of I.R.C. § 67(a).

### Conclusion

Accordingly, we affirm the judgment of the Court of Federal Claims.

*AFFIRMED.*