**Emma L. TAYLOR, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 02–1552 T.**

United States Court of Federal Claims.

July 14, 2003.

Emma L. Taylor, Rocky Mount, NC, plaintiff pro se.

Elizabeth D. Seward, Attorney of Record, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, for defendant, with whom were Eileen J. O'Connor, Assistant Attorney General; Mildred L. Seidman, Chief, Court of Federal Claims Section; and Steven I. Frahm, Assistant Chief.

**OPINION**

DAMICH, Chief Judge.

**I. Introduction**

At issue is Defendant's Motion to Dismiss. Defendant contends that the Court lacks subject matter jurisdiction and that Plaintiff fails to state a claim. The Court finds that, while subject matter jurisdiction is proper, Plaintiff fails to state a claim. Therefore, Defendant's Motion to Dismiss is GRANTED.

**II. Background**

Plaintiff Emma L. Taylor, an African–American, filed an IRS claim for refund of 1999 taxes on July 2, 2001. On her amended tax return, she claimed a refundable tax credit of $43,209, purportedly of undistributed long-term capital gains from a Regulated Investment Company (RIC) or a Real Estate Investment Trust (REIT). On August 21, 2001, the IRS sent Plaintiff a notice of claim disallowance. Plaintiff wrote to the IRS to appeal the disallowance on August 30, 2001. Defendant claims, however, that the

IRS administrative file does not contain any reference to such a letter. Plaintiff timely filed this suit on November 14, 2002. She seeks a refund of $43,209 based on "being reduced to a second class citizen, but billed first class citizenship taxes for over 60 years." (Pl.'s Compl. at 9.)

### III. Analysis

#### 1. Standard of Review

The court possesses subject matter jurisdiction under Rules of the Court of Federal Claims (RCFC) 12(b)(1) if it has a "general power to adjudicate in specific areas of substantive law." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed.Cir.1999). When a party raises a jurisdictional question on a dispositive motion, the burden of establishing jurisdiction is on the plaintiff. *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998).

"The grant of a motion to dismiss for failure to state a claim upon which relief may be granted [under Rule 12(b)(6)] is appropriate where the plaintiff cannot assert a set of facts that supports its claim." *New Valley Corp. v. United States*, 119 F.3d 1576, 1579 (Fed.Cir.1997). "[A] *pro se* complaint ... can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In ruling on both types of motions, the court must "accept all well-pleaded factual allegations as true," draw all reasonable inferences in favor of the non-movant, and grant the motion to dismiss "when the facts asserted by the plaintiff do not under the law entitle him to a remedy." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000); *accord Gonzalez Elec. & Gen. Contractors, Inc. v. United States*, 55 Fed.Cl. 447, 450–51 (2003).

#### 2. Subject Matter Jurisdiction

Defendant asserts that this Court lacks subject matter jurisdiction to consider Plain-tiff's claim because the Court has no jurisdiction to consider claims under the Civil Rights Act of 1964. While Defendant is correct in its assertion concerning the Court's jurisdiction as to claims under the Civil Rights Act, Plaintiff's claim can also be construed as a tax refund claim. It is well established that the Court *does* have jurisdiction over tax refund actions pursuant to the Tucker Act. *See Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991). In light of the general principle that ambiguous *pro se* complaints are to be construed in favor of *pro se* plaintiffs, *Estelle*, 429 U.S. at 106, 97 S.Ct. 285, the Court construes Plaintiff's claim to be one seeking a tax refund.

■ To establish subject matter jurisdiction in this Court, the Plaintiff must demonstrate that she: (1) made a full payment of taxes in dispute; (2) filed a timely claim for refund with the IRS; and (3) filed a timely complaint subsequent to the submission of the claim for refund. *See Rocovich*, 933 F.2d at 993–994; *Lovett v. United States*, 81 F.3d 143, 145 (Fed.Cir.1996); 26 U.S.C. § 6511(a); 26 U.S.C. § 6532(a).

Plaintiff here has met all three requirements. First, Plaintiff fully paid her income tax for 1999 and all years prior. Second, Plaintiff filed her claim for refund with the IRS on June 29, 2001, which was within three years of the filing of her 1999 tax return pursuant to 26 U.S.C. § 6511(a). Third, Plaintiff filed her complaint with this Court on November 14, 2002, which was within two years after the IRS mailed Plaintiff the notice of disallowance pursuant to 26 U.S.C. § 6532(a).

Because Plaintiff asserts a tax refund claim and has satisfied the three aforementioned requirements, the Court has proper subject matter jurisdiction.

#### 3. Failure to State a Claim

Although the Court has proper subject matter jurisdiction over Plaintiff's tax refund claim, Plaintiff nonetheless fails to state a claim.

■ It is well established that "[t]he propriety of a deduction does not turn upon

general equitable considerations .... Rather, it depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." *Mellon Bank, N.A. v. United States*, 265 F.3d 1275, 1280 (Fed.Cir.2001) (citing *Comm'r v. Nat'l Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 148–149, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974)). Plaintiff here fails to point to any provision of the Internal Revenue Code (IRC) that supports her claim. Plaintiff bases her request for relief on "being reduced to a second class citizen, but billed first class citizenship taxes." (Pl.'s Compl. at 9.) This claim appears to be a slavery reparation claim. There is no provision in the IRC, however, that provides any type of tax refund based on such grounds. The Tax Court has dismissed a similar slavery reparation claim, holding that the IRC does not provide a deduction, credit, or any other allowance for slavery reparations. *Wilkins v. Comm'r*, 120 T.C. 109, 112, 2003 WL 548628 (2003).

Further, Plaintiff did not use the appropriate form in claiming her refund. Form 2439 should be used by shareholders of a RIC or REIT to claim a tax rebate on long-term capital gains.[1] Plaintiff's tax refund claim, however, is not based on long-term capital gains. Moreover, in the Form 2439 that Plaintiff filed, the name of the RIC or REIT was stated as "Overpayment of Taxes, Department of Treasury." No such RIC or REIT exists. Thus, Plaintiff did not file a valid Form 2439 capable of supporting her tax refund claim.

4. IRS Failure to Timely Respond to Plaintiff's Appeal

In her Response to Defendant's Motion to Dismiss, Plaintiff asks the Court to dismiss Defendant's motion for failure to file a petition within 90 days of her administrative appeal pursuant to IRS Publication 556. Plaintiff's response appears akin to a cross-motion for summary judgment. Regardless, her argument fails. Plaintiff seems to have misunderstood IRS Publication 556. First,

IRS Publications alone do not create law. Rather, they are aimed at explaining existing tax law to taxpayers. Second, as Defendant correctly points out in its Reply in Support of the Motion to Dismiss, the 90–day rule explained in IRS Publication 556 refers to the time limitation within which a taxpayer can file a petition with the Tax Court to appeal a deficiency assessment by the IRS. 26 U.S.C. § 6213(a). The rule does not create an obligation that the IRS file any notice or petition within 90 days of receiving an administrative appeal. Therefore, failure to respond to Plaintiff's administrative appeal does not preclude the IRS from defending its case in this Court.

### IV. Conclusion

While the Court does have proper subject matter jurisdiction to consider Plaintiff's tax refund claim, Plaintiff fails to state a claim pursuant to RCFC 12(b)(6). Therefore, Defendant's Motion to Dismiss is GRANTED.

The Clerk of the Court is directed to enter judgment accordingly.

---

1. Form 2439 is intended for issuance by a RIC or REIT to report to the shareholder and the IRS the shareholder's share of long-term capital gains retained by the RIC or REIT and income tax paid by the RIC or REIT in respect to the capital gains. The retained capital gains are reported on the shareholder's return, and the shareholder claims the taxes paid by the RIC or REIT as a deemed payment. 26 U.S.C. § 852(b)(3)(D); Treas. Reg. § 1.852–9.