124 T.C. No. 19

UNITED STATES TAX COURT

WILLIAM L. RUDKIN TESTAMENTARY TRUST U/W/O HENRY A. RUDKIN,
MICHAEL J. KNIGHT, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3297-04.                     Filed June 27, 2005.

     T is a trust established in 1967.  The trustee
engaged an outside firm to provide investment
management advice for T, and the firm was paid
$22,241.31 for such services during the 2000 taxable
year.  On its Federal income tax return, T deducted
these fees (rounded) in full.

     <u>Held</u>:  The investment advisory fees paid by T are
not fully deductible under the exception provided in
sec. 67(e)(1), I.R.C., and are deductible only to the
extent that they exceed 2 percent of the T's adjusted
gross income pursuant to sec. 67(a), I.R.C.

Michael J. Knight (specially recognized), for petitioner.

<u>Frank W. Louis</u>, for respondent.

WHERRY, <u>Judge</u>:  Respondent determined a Federal income tax deficiency in the amount of $4,448 with respect to the 2000 taxable year of the William L. Rudkin Testamentary Trust (the trust).  The sole issue for decision is whether investment advisory fees paid by the trust are fully deductible under the exception provided in section 67(e)(1) or whether the fees are deductible only to the extent that they exceed 2 percent of the trust's adjusted gross income pursuant to section 67(a).[1]

FINDINGS OF FACT

The majority of the facts have been stipulated and are so found.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference. Michael J. Knight serves as trustee of the trust and provided an address in Fairfield, Connecticut, at the time the petition in this case was filed.

The trust was established under the will of Henry A. Rudkin on April 14, 1967.[2]  Henry A. Rudkin's family was involved in the founding of Pepperidge Farm, a food products company.  Pepperidge Farm was sold to Campbell Soup Company in the 1960s, and the

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The will refers to the trust as the "William L. Rudkin Family Testamentary Trust", but all other documents contained in the record omit "Family" from the name.  The difference is not material.

trust was initially funded primarily with proceeds from that sale.

The will of Henry A. Rudkin referenced above sets forth the governing provisions of the trust. In general, income and principal of the trust were to be applied for the benefit of Henry A. Rudkin's son, William L. Rudkin, and the son's spouse, descendants, and spouses of descendants. Principal distributions were also subject to a special power of appointment held by William L. Rudkin. The trustee and other fiduciaries of Henry A. Rudkin's estate were provided with broad authority in the management of property, including the authority "to invest and reinvest the funds of my estate or of any trust created hereunder in such manner as they may deem advisable without being restricted to investments of the character authorized by law for the investment of estate or trust funds" and "to employ such agents, experts and counsel as they may deem advisable in connection with the administration and management of my estate and of any trust created hereunder, and to delegate discretionary powers to or rely upon information or advice furnished by such agents, experts and counsel".

The trustee engaged Warfield Associates, Inc., to provide investment management advice for the trust. During the taxable year 2000, Warfield Associates, Inc., was paid $22,241.31 for its services.

A Form 1041, U.S. Income Tax Return for Estates and Trusts, for the 2000 year was timely filed on behalf of the trust. Thereon the trust reported total income of $624,816. The Form 1041 also reflected, among other things, a deduction of $22,241 on line 15a for "Other deductions not subject to the 2% floor", further described on an attached statement as "INVESTMENT MANAGEMENT FEES". No deduction was claimed on line 15b for "Allowable miscellaneous itemized deductions subject to the 2% floor".

On December 5, 2003, respondent issued to the trust a statutory notice of deficiency determining the aforementioned $4,448 deficiency for the taxable year 2000. Respondent disallowed full deduction of the $22,241 in investment fees and instead permitted a deduction of $9,780, the amount by which $22,241 exceeded 2 percent of adjusted gross income of $623,050 (i.e., $12,461).

The trustee filed the underlying petition in this case disputing respondent's determination on grounds that the investment advisory fees should not be subject to the 2-percent limitation. During trial preparations, the parties became aware that the notice of deficiency contained an error in its computation of adjusted gross income. The parties have now stipulated that the correct adjusted gross income figure is $613,263, for a corresponding deduction under respondent's

position of $9,976.  However, on account of the alternative minimum tax, the parties are in further agreement that the resultant deficiency if respondent's position is sustained remains unchanged at $4,448.

OPINION

I.  <u>General Rules</u>

As a general rule, the Internal Revenue Code imposes a Federal tax on the taxable income of every individual and trust. Sec. 1.  Taxable income is defined as gross income less allowable deductions.  Sec. 63(a).  Gross income broadly comprises "all income from whatever source derived," sec. 61(a), and allowable deductions are calculated through application of a multi-tiered process.  First, certain enumerated deductions may be subtracted from gross income to arrive at adjusted gross income.  Sec. 62(a).  Itemized deductions may then be subtracted from adjusted gross income in arriving at taxable income.  Sec. 63(d).

Itemized deductions, however, are further segregated into two categories that impact on their deductibility.  Section 67(b) sets forth a list of itemized deductions allowed without further limitation to the extent permitted under the appropriate statutory section authorizing the deduction.  For individual taxpayers, the remaining itemized deductions are characterized as "miscellaneous itemized deductions" and are allowed under section 67(a) only to the extent that they exceed 2 percent of adjusted

gross income. For estates and trusts, section 67(e) mandates application of the rule of section 67(a), with specified modifications. Specifically, section 67 provides as follows in relevant part:

> SEC. 67.  2-PERCENT FLOOR ON MISCELLANEOUS ITEMIZED DEDUCTIONS.
>
> (a) General Rule.--In the case of an individual, the miscellaneous itemized deductions for any taxable year shall be allowed only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income.
>
>     *     *     *     *     *     *     *
>
> (e) Determination of Adjusted Gross Income in Case of Estates and Trusts.--For purposes of this section, the adjusted gross income of an estate or trust shall be computed in the same manner as in the case of an individual, except that--
>
> > (1) the deductions for costs which are paid or incurred in connection with the administration of the estate or trust and which would not have been incurred if the property were not held in such trust or estate * * *
>
>     *     *     *     *     *     *     *
>
> shall be treated as allowable in arriving at adjusted gross income. * * *

Hence, the statutory text of section 67(e)(1) creates an exception allowing for deduction of trust expenditures without regard to the 2-percent floor where two requirements are satisfied:  (1) The costs are paid or incurred in connection with administration of the trust, and (2) the costs would not have been incurred if the property were not held in trust. Otherwise,

deductibility is limited to the extent it would be for individual taxpayers.

In that vein, regulations promulgated under section 67 list examples of expenses that, in the context of individuals, are subject to the 2-percent floor. Sec. 1.67-1T(a)(1), Temporary Income Tax Regs., 53 Fed. Reg. 9875 (Mar. 28, 1988).[3] Included are expenses incurred "for the production or collection of income for which a deduction is otherwise allowable under section 212(1) and (2), such as <u>investment advisory fees</u>, subscriptions to investment advisory publications, certain attorneys' fees, and the cost of safe deposit boxes". Sec. 1.67-1T(a)(1)(ii), Temporary Income Tax Regs., <u>supra</u> (emphasis added).

## II.  Contentions of the Parties

Against this backdrop, the trustee contends that the investment management fees in dispute here are properly deductible under the exception set forth in section 67(e)(1). The trustee maintains that the fees were paid in connection with administration of the trust and would not have been incurred if the property were not held in trust. In reaching this conclusion, the trustee relies largely on the fiduciary duties imposed on trustees. According to the trustee, while an

---

[3] Temporary regulations are entitled to the same weight and binding effect as final regulations. <u>Peterson Marital Trust v. Commissioner</u>, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

individual may make a voluntary and personal choice to seek investment advice, fiduciary duties render such professional advice a necessary and "involuntary" component of trust administration.

In contrast, it is respondent's position that the section 67(e)(1) exception does not apply to the expenses at issue. Respondent does not dispute the expenditures were made in connection with the administration of the trust. However, respondent alleges that because investment advisory fees are commonly incurred by individual investors outside the context of trust administration, the fees fail to satisfy the requirement that they would not have been incurred if the assets were not held in trust. It is also respondent's view that neither State law nor the governing trust instrument imposed a legal obligation on the fiduciary to obtain professional investment management services.

III. Analysis

The deductibility of investment advisory fees by a trust under section 67(e)(1) is not a matter of first impression. This Court and three Courts of Appeals have ruled on the question. Scott v. United States, 328 F.3d 132 (4th Cir. 2003); Mellon Bank, N.A. v. United States, 265 F.3d 1275 (Fed. Cir. 2001); O'Neill v. Commissioner, 994 F.2d 302 (6th Cir. 1993), revg. 98

T.C. 227 (1992).  The result has been a split in authority on the issue.

This Court in O'Neill v. Commissioner, 98 T.C. at 230-231, held that investment advice costs were not deductible under section 67(e), reasoning as follows:

> We believe that the thrust of the language of section 67(e) is that only those costs which are unique to the administration of an estate or trust are to be deducted from gross income without being subject to the 2-percent floor on itemized deductions set forth at section 67(a).  Examples of items unique to the administration of a trust or estate would be the fees paid to a trustee and trust accounting fees mandated by law or the trust agreement.  Individual investors routinely incur costs for investment advice as an integral part of their investment activities.  Consequently, it cannot be argued that such costs are somehow unique to the administration of an estate or trust simply because a fiduciary might feel compelled to incur such expenses in order to meet the prudent person standards imposed by State law.

The Court of Appeals for the Sixth Circuit reversed in O'Neill v. Commissioner, 994 F.2d at 304-305.  Although the Court of Appeals concurred that "certain expenditures unique to trust administration are excepted from the two percent floor", the Court disagreed with our analysis as to why the costs in dispute were not unique.  Id. at 303-304.  Noting our statement that individual investors routinely incur costs for investment advice, the Court of Appeals opined:  "Nevertheless, they are not required to consult advisors and suffer no penalties or potential liability if they act negligently for themselves.  Therefore, fiduciaries uniquely occupy a position of trust for others and

have an obligation to the beneficiaries to exercise proper skill and care with the assets of the trust."  Id. at 304.

Subsequently, the Courts of Appeals for the Federal and Fourth Circuits in Mellon Bank, N.A. v. United States, supra, and Scott v. United States, supra, respectively, diverged from the position taken by the Court of Appeals for the Sixth Circuit. These latter rulings were consistent in their rationale and result, summarized as follows by the Court of Appeals for the Fourth Circuit:

> the second requirement of § 67(e)(1) does not ask whether costs are commonly incurred in the administration of trusts.  Instead, it asks whether costs are commonly incurred outside the administration of trusts.  As the Federal Circuit decided in Mellon Bank, investment-advice fees are commonly incurred outside the administration of trusts, and they are therefore subject to the 2% floor established by § 67(a). * * * [Scott v. United States, supra at 140.]

See also Mellon Bank, N.A. v. United States, supra at 1281 ("the second requirement treats as fully deductible only those trust-related administrative expenses that are unique to the administration of a trust and not customarily incurred outside of trusts").

In construing section 67(e)(1), the Courts of Appeals for both the Federal and Fourth Circuits emphasized the importance of not interpreting the statute so as to render superfluous any portion thereof.  Scott v. United States, supra at 140; Mellon Bank, N.A. v. United States, supra at 1280.  Moreover, both

courts explicitly rejected the taxpayers' arguments premised on fiduciary duties as running afoul of this principle of construction. Scott v. United States, supra at 140; Mellon Bank, N.A. v. United States, supra at 1280-1281. In the words of the Court of Appeals for the Fourth Circuit:

> we would, by holding that a trust's investment-advice fees were fully deductible, render meaningless the second requirement of § 67(e)(1). All trust-related administrative expenses could be attributed to a trustee's fiduciary duties, and the broad reading of § 67(e)(1) urged by the taxpayers would treat as fully deductible any costs associated with a trust. But the second clause of § 67(e)(1) specifically limits the applicability of § 67(e) to certain types of trust-related administrative expenses. To give effect to this limitation, we must hold that the investment-advice fees incurred by the Trust do not qualify for the exception created by § 67(e). Rather, they are subject to the 2% floor established by § 67(a). [Scott v. United States, supra at 140.]

The Court of Appeals for the Fourth Circuit characterized the contrary analysis in this regard of the Court of Appeals for the Sixth Circuit in O'Neill v. Commissioner, 994 F.2d at 304, as containing "a fatal flaw". Scott v. United States, supra at 140. The Court of Appeals for the Federal Circuit similarly branded the taxpayer's attempts to bolster its interpretation through legislative history as "unpersuasive." Mellon Bank, N.A. v. United States, supra at 1281. To wit, the Court of Appeals for the Federal Circuit, tracing the genesis of section 67(e), noted that to premise full deduction of all trust expenses on fiduciary duties would run counter to

> legislative intent to equate the taxation of trusts with the taxation of individuals, limit the ability of sophisticated taxpayers to use trusts or other complex arrangements to lower their tax burden compared to similarly situated individuals, and to minimize the impact of the tax code on economic decision making. [Id.]

Having reviewed our initial construction of section 67(e) and the ensuing judicial developments detailed above, this Court concludes that the interpretation set forth in O'Neill v. Commissioner, 98 T.C. at 230-231, and expressed by the Courts of Appeals in Scott v. United States, 328 F.3d at 139-140, and Mellon Bank, N.A. v. United States, 265 F.3d at 1280-1281, remains sound. The trustee here, in support of full deductibility, relies on concepts rejected in the foregoing decisions. Appeal in the instant case, barring stipulation to the contrary, would be to the Court of Appeals for the Second Circuit, which has not ruled on the issue. See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). The Court therefore holds that the investment advisory fees paid by the trust are not fully deductible under the exception provided in section 67(e)(1) and are deductible only to the extent that they exceed 2 percent of the trust's adjusted gross income pursuant to section 67(a).

To reflect the foregoing,

Decision will be entered

for respondent.

Reviewed by the Court.

GERBER, COHEN, SWIFT, WELLS, COLVIN, HALPERN, CHIECHI, LARO, FOLEY, VASQUEZ, GALE, THORNTON, MARVEL, HAINES, GOEKE, KROUPA, and HOLMES, JJ., agree with this opinion.